**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

ZEBREDA MATHEWS                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO. 2:15-CV-358-KS-GMB

BUTLER COUNTY COMMISSION, et al.                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants Butler County Commission and Probate Judge Steve Norman's Motion for Summary Judgment [16]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

**I.  BACKGROUND**

On May 23, 2015, Plaintiff Zebreda Mathews ("Plaintiff") filed this action against Defendants Butler County Commission (the "Commission") and Probate Judge Steve Norman ("Judge Norman"), claiming that her termination from the Office of the Butler County Probate Judge (the "Probate Office") was the result of racial discrimination in violation of Title VII and the Equal Protection Clause, as enforced through 42 U.S.C. § 1983, and that her due process rights were violated because she was not given a hearing prior to her termination.

Plaintiff is a black female who was employed with the Probate Office for nineteen years. On June 9, 2014, Plaintiff reported to jury duty and was released that morning. Plaintiff did not return to work until the next day. Plaintiff received a written reprimand for not returning to work immediately after being released. On June 16, 2014, Plaintiff again reported to jury duty and was again released that morning. After being released, she went to the chambers of Circuit Court Judge

Terri Lovell ("Judge Lovell"), and brought the situation to Judge Lovell's attention. Plaintiff then left and did not report to work until June 18, 2014, with an excuse from her doctor dated June 16, which stated that she may return to work on June 18.

Upon her return, Judge Norman spoke with her, intending to issue her another reprimand if she were to promise to correct her behavior going forward. (Declaration of Steve Norman [17-3] at p. 3 ¶ 10.) Instead, she "refused to take any responsibility for her actions and again began acting irrationally, blaming everybody else and speaking disrespectfully to [him]." (*Id.*) Judge Norman then terminated her. Plaintiff was replaced by a white female.

Plaintiff sought a hearing with the Commission's Appeal Board regarding the decision to terminate her, and was denied. She then brought the current action to this Court.

Defendants filed their Motion for Summary Judgment [16] on May 16, 2016. The Court has considered the submissions of the parties and is now ready to rule.

## II.  DISCUSSION

A.    **Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Eleventh Circuit has held that

> [s]ummary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)) (alteration in original).

### B. Racial Discrimination

Plaintiff claims that her termination was the result of racial discrimination in violation of Title VII and the Equal Protection Clause, as enforced through 42 U.S.C. § 1983. Parties agree that the analytical framework of these claims are identical. In order to establish a prima facie case for her racial discrimination claim, Plaintiff must show that: "(1) [she] is a member of a protected class; (2) [she] was qualified for the position; (3) [she] suffered an adverse employment action; and (4) [she] was replaced by a person outside [her] protected class or was treated less favorably than a similarly-situated individual outside [her] protected class." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1289 (11th Cir. 2003). Once Plaintiff's prima facie case is established, "the burden then shifts to the employer to produce evidence that its action was taken for a legitimate, non-discriminatory reason." *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006) (citing *Equal Emp't Opportunity Comm'n v. Joe's Stone Crab, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002)). If Defendants then meet the burden of production "by proffering a legitimate, non-discriminatory reason, thereby rebutting the presumption of discrimination," Plaintiff "must show that the proffered reason really is a pretext for unlawful discrimination." *Id.* (quoting *Joe's Stone Crab*, 296 F.3d at 1272) (internal quotations omitted).

There seems to be little dispute as to the facts establishing Plaintiff's prima facie case. Plaintiff is black, a protected class, and was qualified for her job. She was then terminated and replaced by someone outside of her race. As such, the burden then shifts to Defendants to assert a legitimate reason for Plaintiff's termination. According to Judge Norman, Plaintiff was terminated

3

for the following reasons:

> First, she was insubordinate on both June 9 and June 16 by refusing to follow a direct order that she return to work after being released from jury duty. Second, she was very disrespectful to both Ms. Beverly and myself during the week of June 9. Third, she blatantly misrepresented the situation to Judge Lovell and caused a scene in her office. This behavior was inappropriate, embarrassing, and interfered with the operation of Judge Lovell's office and my office. Fourth, she caused a scene in my office, which was again inappropriate, embarrassing, and interfered with out operations. Finally, on June 18th, when she was given one last chance to fix the situation, she refused to do so and was again disrespectful towards me.

(Declaration of Steve Norman [17-3] at p. 3 ¶ 11.) Significantly, even though he believed she should be reprimanded for refusing to return to work after she was released from jury duty, Judge Norman had "plann[ed] to simply issue her another written warning as long as she understood why her behavior was unacceptable and pledged not to engage in similar behavior." (*Id.* at p. 2 ¶ 10.) He terminated her, though, because she "refused to take any responsibility for her actions and again began acting irrationally, blaming everybody else and speaking disrespectfully to [him]." (*Id.*)

In order to show that the asserted reasons are pretextual, and thereby defeat summary judgment, Plaintiff "must introduce significantly probative evidence showing that the asserted reason[s] [are] merely a pretext for discrimination." *Brooks*, 446 F.3d at 1163 (quoting *Clark*, 990 F.2d at 1228). Under Eleventh Circuit law, "a plaintiff can survive a motion for summary judgment . . . by presenting evidence sufficient to demonstrate a genuine issue of material fact as to the truth or falsity of the employer's legitimate, nondiscriminatory reasons." *Evans v. McLain of Ga., Inc.*, 131 F.3d 957, 965-65 (11th Cir. 1997) (citations omitted).

The only evidence Plaintiff has adduced on summary judgment is her own sworn affidavit. In this affidavit, she admits that she did not return to work the same day that she was released from jury duty on June 9 and June 16. However, she claims that she asked for June 9 off, and that request was acknowledged by Beverly. (Mathews Affidavit [19-1] at p. 3.) She further claims that, after

4

being released from jury duty on June 16, she sought medical care and returned to work on June 18 with an excuse from her doctor. (*Id.*) She does not, however, address the "inappropriate" and "embarrassing" scenes Judge Norman claims she made which "interfered with the operations" of both his and Judge Lovell's offices, nor does she deny being disrespectful towards Judge Norman or Beverly. She also mentions nothing about her behavior in her meeting with Judge Norman which led to her termination. Plaintiff also makes no claim that Defendants' treatment of her in anyway differed from a similarly situated employees outside of her protected class.

From the facts before the Court, it is undisputed that Plaintiff did not return to work after she was released from jury duty on June 9 and June 16. It is also undisputed that she acted inappropriately and disrespectfully after she was reprimanded for these actions. Nothing in Plaintiff's affidavit serves as "significant probative evidence" that the reasons behind her termination given by Defendants were in any way pretextual. *See Brooks*, 446 F.3d at 1163 (quoting *Clark*, 990 F.2d at 1228). Therefore, the Court does not find that Plaintiff has met her burden in establishing that there is sufficient evidence for a reasonable jury to return a verdict in her favor on her claims of racial discrimination under Title VII and § 1983. *See Chapman*, 229 F.3d at 1023 (quoting *Haves*, 52 F.3d at 921). The Court will therefore **grant** Defendants' Motion for Summary Judgment [16] with respect to these claims, and they will be **dismissed with prejudice**.

C.   **Due Process**

Plaintiff claims that Defendants violated her due process rights in their termination of her. A state employee may demand the procedural protections of due process only if the state law or rules promulgated by state officials gives them "a legitimate claim of entitlement to continued employment absent sufficient cause for discharge." *Goss v. Lopez*, 419 U.S. 565, 573, 95 S. Ct. 729, 42 L.Ed.2d 725 (1975) (citations omitted). Plaintiff contends that the Butler County Personnel

5

Policy Manual (the "Manual") gave her such a claim of entitlement in that it guaranteed her a fair hearing prior to termination.

Defendants argue that the Manual does not apply to Plaintiff as an employee of the Probate Office. The Manual states that the power "[t]o dismiss, assign, supervise, promote and discipline" has been delegated from the Commission to the Probate Office. (Manual [17-2] at pp. 5-6.) Furthermore, the Manual does not guarantee a hearing prior to termination. Rather, the Manual provides an opportunity for a hearing in front of the Appeals Board should the terminated "classified employee" request one. (Manual [17-2] at p. 56.) A "classified employee" is defined as "an employee who is assigned an on-going position authorized by the Commission, who is paid by funds allocated by the Commission, and who may become a member of the Commission's merit-based personnel system following an initial probation period." (*Id.* at p. 6.)

Plaintiff claims that she was denied a hearing with the Appeals Board. If the Manual applied to her termination, the denial of this hearing would be a due process violation. However, because the Manual explicitly delegates the power "[t]o dismiss, assign, supervise, promote and discipline" to the Probate Office, the Court finds that the Manual does *not* apply to Plaintiff. At no point does Plaintiff argue that she is a classified employee as defined by the Manual. It does not appear evident from the record before the Court that Plaintiff's position was one authorized by the Commission, nor does it appear she was a member of the Commission's merit-based personnel system. As Plaintiff bears the burden of proof in proving she was entitled to a hearing, the Court must find that she has failed to do so.

Furthermore, Plaintiff makes no argument that due process requires a hearing be provided to her despite the Manual's non-application, nor would such an argument be persuasive. For due process to apply, Plaintiff must have "a legitimate claim of entitlement to continued employment

6

absent sufficient cause for discharge." *Goss*, 419 U.S. at 573, 95 S. Ct. 729.  Because the Manual does not give her such an entitlement, any due process claim brought against Defendants must fail.

Therefore, because it finds Plaintiff's due process rights were not violated, the Court will **grant** Defendants' Motion for Summary Judgment [16] with respect to these claims, and they will be **dismissed with prejudice**.

### D.    ALABAMA CODE § 12-16-8.1

Section 12-16-8.1 of the Alabama Code forbids employers from terminating an employee "solely because he or she serves on any jury . . . provided, however, that the employee reports to work on his or her next regularly schedule hour after being dismissed from any jury."  ALA. CODE 1975 § 12-16-.1(a).  At no point does Plaintiff argue that she was discharged because she reported to jury duty.  As such, her claim under § 12-16-8.1 is without merit and must be **dismissed with prejudice**.

Defendants' Motion for Summary Judgment [16] will be **granted** in full and this case will be **dismissed with prejudice**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [16] is **granted**.  Plaintiff's claims are **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this the 5th day of July, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE